## UNITED STATES DISTRICT COURT
## FOR DISTRICT OF COLUMBIA

WILLIE   STEWART, JR.                )
                Petitioner,      )      Civil Action No. 07-0197 (RCL)
                                                )
   v.                                   )
                                                )
UNITED STATES PAROLE COMMISSION.  )
                Respondent       )

## UNITED STATES' OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS

The United States Attorney for the District of Columbia, on behalf of the United States Parole Commission, hereby submits its opposition to the above-captioned petition for writ of habeas corpus.

## PROCEDURAL HISTORY

On June 22, 1984, petitioner was sentenced to a two to six-year prison term in the U.S. District Court for the District of Columbia for carrying a pistol without a license and possession with the intent to distribute a controlled substance (heroin)(See Exhibit 1).  Petitioner did not begin serving this term until June 20, 1988 (See Exhibit 1A).  Petitioner was paroled from this term on June 18, 1990 by the U.S. Parole Commission (See Exhibit 2).

On February 4, 1992, the Commission issued a parole violator warrant for petitioner based on his failure to keep appointments with his drug treatment provider, using prohibited drugs, and failing to report to his probation officer (See Exhibits 3 and 4, warrant application and warrant).  By letter dated August 13, 1993, petitioner's probation officer informed the Commission that petitioner had been sentenced in Virginia on August 3, 1993 to a 27-year prison term for robbery, use of a firearm in the commission of a felony, and possession of a firearm by a convicted felon (See Exhibit 5).  The

Commission added these new crimes as parole violation charges in a supplemental warrant application dated September 8, 1993 (See Exhibit 6). The Commission's warrant was placed as a detainer against petitioner at the Greensville Correctional Center, Jarrett, Virginia (See Exhibit 7). On December 21, 1996, the Commission conducted a dispositional review on the record of the warrant/detainer and on January 7, 1997 decided to leave the warrant as a detainer with state authorities (See Exhibits 8 and 9).

After completing his Virginia prison term, petitioner was arrested on the parole violator warrant on September 21, 2006 and committed to the D.C. Jail (See Exhibit 10). As the result of petitioner's 1993 state convictions, on October 26, 2006, the Commission found probable cause for parole violations and ordered an institutional revocation hearing (See Exhibit 11, probable cause worksheet). On November 17, 2006, the Commission requested designation of the parolee to an institution for his revocation hearing (See Exhibit 12). On December 6, 2006, a Commission hearing examiner prepared a pre-hearing assessment of the case for the use of the examiner at petitioner's revocation hearing (See Exhibit 13).

On January 8, 2007, the Commission made inquiries of Bureau of Prisons's staff concerning an expected transfer date for petitioner to the Federal Detention Center in Philadelphia for his revocation hearing (See Exhibits 14 and 15). The Bureau replied that the U.S. Marshal's Office would be informed about the urgency of the transfer (See Exhibit 16). Petitioner was released from the D.C. Jail on January 18, 2007 to the U.S. Marshal (See Exhibit 17).

According to an electronic mail message from Commission Hearing Examiner Kathleen Pinner, Ms. Pinner conducted an institutional revocation hearing for petitioner on February 15, 2007 at the FDC Philadelphia. (See Exhibit 18). Hearing Examiner Pinner recommended that the

2

Commission revoke petitioner's parole and reparole him effective May 8, 2007.  (Id.).[1]

## ARGUMENT

Petitioner argues that he has been denied a prompt parole revocation hearing in accordance with the Parole Commission's statute at 18 U.S.C. §4214(c).    Under the statute, petitioner is entitled to an institutional revocation hearing within 90 days of his arrest on the parole violator warrant.  As of the date of this response, petitioner has been in custody on the violator warrant for nearly five months.

While the Commission was late in giving petitioner a revocation hearing, the Commission's failure to comply with §4214(c) does not entitle petitioner to release.  Rather, petitioner was entitled to a parole revocation hearing and decisions on revocation and possible reparole.  See, e.g., Northington v. U.S. Parole Commission, 587 F.2d 2, 3 (6th Cir. 1978)(remedy for a late revocation hearing is to compel the hearing and a decision, not release from custody);  Smith v. United States, 577 F.2d 1025, 1028 (5th Cir. 1978)(same); Bryant v. Grinner, 563 F.2d 871 (7th Cir. 1977) (same). In order to obtain habeas relief from the delay in a revocation hearing, the petitioner must prove prejudice from the delay.  Sutherland v. McCall, 709 F.2d 730, 732 (D.C. Cir. 1983); Gaddy v. Michael, 519 F.2d 669, 677 (4th Cir. 1975)(same).  The petitioner in this case cannot show prejudice from the delay in giving him a hearing because his 1993 Virginia convictions conclusively establish that he violated his parole conditions.  Morrissey v. Brewer, 408 U.S. 471, 490 (1972).

Additionally, a Commission hearing examiner gave petitioner a revocation hearing at FDC Philadelphia on February 15, 2007 and the case will soon be presented to the Commission for a

---

[1]Upon order of the Court that it do so, the respondent can supplement the record with the written hearing summary and the decision after the Commissioners review the recommendations of the hearing examiner and the reviewing examiner and make a determination.

decision on revocation and possible reparole.

## CONCLUSION

For the foregoing reasons, petitioner's petition for writ of habeas corpus should be summarily

denied.

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR
United States Attorney


_____/s/_____
ROBERT D. OKUN
Chief, Special Proceedings Division


_____/s/_____
CAROLYN K. KOLBEN
Assistant United States Attorney

## CERTIFICATE OF SERVICE

_____I HEREBY CERTIFY that a true copy of the foregoing Opposition to Petitioner's Petition

for a Writ of Habeas Corpus and Exhibits has been filed via the Electronic Case Filing system, and

served by mail to Petitioner, Willie Stewart, Jr. Fed. Reg. No. 24880-037, DCDC # 161-764, FDC

Philadelphia, P.O. Box 562, Philadelphia, Pa. 19106, this 22nd day of February, 2007.


_____/s/_____
CAROLYN K. KOLBEN
Assistant United States Attorney
555 4th Street, N. W.
Special Proceedings Section, Room 10-441
Washington, D.C. 20530
(202) 616-0852

4

5

United States of America vs.

*MHC   15-12-07*

**United States District Court**

the District of Columbia

**DEFENDANT**

Willie L. Stewart, Jr.

Criminal
DOCKET NO. ——▶   84-00073 ✓

# JUDGMENT AND PROBATION/COMMITMENT ORDER

**COUNSEL**

In the presence of the attorney for the government
the defendant appeared in person on this date ————————————▶

| MONTH | DAY | Y |
|---|---|---|
| June 22, 1984 ✓ | | |

|__| **WITHOUT COUNSEL**    However the court advised defendant of right to counsel and asked whether defendant desired to
counsel appointed by the court and the defendant thereupon waived assistance of counsel.

|_X_| **WITH COUNSEL**    G. Allen Dale, Esquire

(Name of Counsel)

**PLEA**

|_X_| **GUILTY,** and the court being satisfied that there is a factual basis for the plea,      |__| **NOLO CONTENDERE,**      |__| **NOT GUILTY**

**FILED**

JUN 22 1984

JAMES F. DAVEY, Clerk

**FINDING & JUDGMENT**

There being a finding/verdict of   |__| **NOT GUILTY.** Defendant is discharged

|__| **GUILTY.**

Defendant has been convicted as charged of the offense(s) of

Carrying a pistol without a license, in violation of Title 22,
District of Columbia Code, Section 3204, as charged in Count 2
of the Indictment; and Unlawful Possession with intent to Distribute
a Narcotic Controlled Substance, in violation of Title 21, United
States Code, Section 841(a)., as charged in Count 3 of the
Indictment.

**SENTENCE OR PROBATION ORDER**

The court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contr‍
was shown, or appeared to the court, the court adjudged the defendant guilty as charged and convicted and ordered that: The defendan‍
hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of

ONE (1) YEAR on Count 2;
TWO (2) YEARS TO SIX (6) YEARS, with a Special Parole Term of
THREE (3) YEARS on Count 3;   said sentences to run concurrently to
each other, and to run consecutively to any other sentence.

**SPECIAL CONDITIONS OF PROBATION**

The Court recommends that the defendant receive drug and psychiatric
therapy, and vocation counseling, at either Danbury or Lexington, or
any federal facility appropriate for the recommended treatment.

The remaining counts of the indictment are hereby dismissed upon oral
motion of the government.

**ADDITIONAL CONDITIONS OF PROBATION**

In addition to the special conditions of probation imposed above, it is hereby ordered that the general conditions of probation set out on ‍
reverse side of this judgment be imposed. The Court may change the conditions of probation, reduce or extend the period of probation, a‍
at any time during the probation period or within a maximum probation period of five years permitted by law, may issue a warrant an‍
revoke probation for a violation occurring during the probation period.

**COMMITMENT RECOMMENDATION**

The court orders commitment to the custody of the Attorney General and recommends,

It is ordered that the Clerk deliver
a certified copy of this judgment
and commitment to the U.S. Mar‍
shal or other qualified officer.

United States District Court
for the District of Columbia
A TRUE COPY

"CENTRAL FILE"

EXHIBIT
I

JAMES F. DAVEY, CLERK

**CNED BY**

|_X_| U.S. District Judge

|__| U.S. Magistrate

*Joyce Hens Green*
JOYCE HENS GREEN

```
H    PAR2H  540*23 *           SENTENCE MONITORING        *      12-06-2006
PAGE 001           *           COMPUTATION DATA           *      13:11:41
                               AS OF 06-18-1990


REGNO..: 24880-037 NAME: STEWART, WILLIE L JR


FBI NO..........:  ▓▓▓▓▓▓        DATE OF BIRTH: ▓▓▓▓▓▓▓▓
ARS1............: 9-L/A-ADMIT
UNIT............:                QUARTERS.....:
DETAINERS.......: NO             NOTIFICATIONS: NO


THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  06-18-1990 VIA PAROLE

-----------------------PRIOR JUDGMENT/WARRANT NO: 010 ----------------------

COURT OF JURISDICTION...........: DIST OF COLUMBIA, DISTRICT CRT
DOCKET NUMBER...................: 84-00073
JUDGE...........................: GREEN
DATE SENTENCED/PROBATION IMPOSED: 06-22-1984
DATE WARRANT ISSUED.............: N/A
DATE WARRANT EXECUTED...........: N/A
DATE COMMITTED..................: 09-19-1988
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:


RESTITUTION...:  PROPERTY: NO  SERVICES: NO       AMOUNT: $00.00

----------------------PRIOR OBLIGATION NO: 010 ----------------------
OFFENSE CODE....:  606
OFF/CHG: T22:DCC3204, CARRYING PISTOL WITHOUT LICENSE

SENTENCE PROCEDURE.............: DC CODE ADULT
SENTENCE IMPOSED/TIME TO SERVE.:    1 YEARS
RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: CC 010/020
DATE OF OFFENSE................: 02-06-1984




G0002      MORE PAGES TO FOLLOW . . .
```

EXHIBIT
1A

```
H     PAR2H  540*23 *          SENTENCE MONITORING       *    12-06-2006
PAGE 002        *            COMPUTATION DATA        *    13:11:41
                              AS OF 06-18-1990
```

REGNO..: 24880-037 NAME: STEWART, WILLIE L JR

------------------------PRIOR OBLIGATION NO: 020 -------------------------
OFFENSE CODE....: 381
OFF/CHG: T21:841(A) POSS W/I/T/D NARCOTIC CONTROLLED SUBSTANCE (HERION)

SENTENCE PROCEDURE.............: 4205(A) REG ADULT-ORIG TERM GRTR THAN 1YR
SENTENCE IMPOSED/TIME TO SERVE.:    6 YEARS
TERM OF SUPERVISION............:    3 YEARS
RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER...: CC 010/010
DATE OF OFFENSE................: 02-06-1984

------------------------PRIOR COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 06-20-1990 AT CBR AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 010:   010 010, 010 020

DATE COMPUTATION BEGAN..........: 06-20-1988
AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 50
TOTAL TERM IN EFFECT............:    6 YEARS
TOTAL TERM IN EFFECT CONVERTED..:    6 YEARS
EARLIEST DATE OF OFFENSE........: 02-06-1984

JAIL CREDIT....................:   FROM DATE      THRU DATE
                                   02-06-1984     02-08-1984

TOTAL JAIL CREDIT TIME..........: 3
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 8
TOTAL SGT POSSIBLE..............: 576
PAROLE ELIGIBILITY..............: 06-16-1990
STATUTORY RELEASE DATE..........: 11-17-1992
TWO THIRDS DATE.................: 06-16-1992
180 DAY DATE....................: 12-18-1993
EXPIRATION FULL TERM DATE.......: 06-16-1994

G0002      MORE PAGES TO FOLLOW . . .

```
5H    PAR2H  540*23 *          SENTENCE MONITORING         *      12-06-2006
PAGE 003 OF 003 *             COMPUTATION DATA             *      13:11:41
                              AS OF 06-18-1990

REGNO..: 24880-037 NAME: STEWART, WILLIE L JR


PAROLE EFFECTIVE.................: 06-18-1990
PAROLE EFF VERIFICATION DATE....: 06-18-1990
NEXT PAROLE HEARING DATE........: 12-18-1989
TYPE OF HEARING.................: PAROLE PRE-RELEASE REC REV

ACTUAL SATISFACTION DATE........: 06-18-1990
ACTUAL SATISFACTION METHOD......: PAROLE
ACTUAL SATISFACTION FACILITY....: CBR
ACTUAL SATISFACTION KEYED BY....: AMC

DAYS REMAINING..................: 1459
FINAL PUBLIC LAW DAYS...........: 0
```

```
S0039      ALL CURRENT COMPS ARE SATISFIED
```

# U.S. Department of Justice
# United States Parole Commission
### Chevy Chase, Maryland 20815



## Certificate of Parole

Know all Men by these Presents:

It having been made to appear to the United States Parole Commission that

__STEWART, WILLIE L. JR.__ , Register No. __24880-037__ , a prisoner in the

__HOPE VILLAGE__ is eligible to be PAROLED, and in that said prisoner substantially observed the rules of the institution, and in the opinion of the Commission said prisoner's release would not depreciate the seriousness of this offense or promote disrespect for the law, and would not jeopardize the public welfare, it is ORDERED by the said United States Parole Commission that said prisoner be PAROLED on

__JUNE 18__ , 19 __90__ ; and that said prisoner is to remain within the

limits of __D.C.__ until __JUNE 16__ , 19 __94__ ;

Given under the hands and the seal of the United States Parole Commission this __8TH__ day

of __JUNE__ , nineteen hundred and __90__

UNITED STATES PAROLE COMMISSION.

By _Judith L. Speller_

JUDITH L. SPELLER, SOCIAL SCIENCE TECH

Initial Risk Category __SFS 3__

Advisor _____

Probation Officer __CUSPO, EUGENE WESLEY, JR., DISTRICT OF COLUMBIA__

I have read, or had read to me, the conditions of release printed on the reverse of this certificate and received a copy thereof, I fully understand them and know that if I violate any, I may be recommitted. I also understand that the law requires the Parole Commission to revoke my parole if I am found by the Commission to have possessed any illegal controlled substance. I also understand that special conditions may be added or modifications of any condition may be made by the Parole Commission upon notice required by law.

_Willie Lee Stewart_
(Name)

_24880 -037_
(Register Number)

WITNESSED _E. A. Adam Ifah_
_Case Manager_
(Title)

_6/19/90_
(Date)

UNITED STATES PAROLE COMMISSION

The above-named person was released on the __19th__ , day of __June__ , 19 __90__

with a total of __1459__ days remaining to be served.

_Joseph Williams_
Chief Executive Officer

PAROLE FORM H-8
JAN 90



.S. DEPARTMENT OF JUSTICE
ITED STATES PAROLE COMMISSION

WARRANT APPLICATION 

SUING REGION   NERO                                           Date   2-4-92
se Of   STEWART, Willie L.                                    Reg. No.   24880-037
ce      Black                     **Birth Date**              FBI No.
entence) Began   6-22-84          **District From**   DC
iginal Offense   Carrying a Pistol Without a License, Possession With Intent to Distribute A Controlled Substance
roin

ntence Length/Type   6 years RA; 3 years Supervision                    Released   6-18-90
strict To   DC                    Transferred To          M.R.          Parole   X
olation Date   7-6-90             **Termination Date**   6-16-94

     You shall, unless you have been convicted of a new offense, be given a preliminary interview by an official
:signated by a Regional Commissioner to determine if there is probable cause to believe that you have violated the
nditions of your release, and if so, whether to release you or hold you for a revocation hearing.
     At your preliminary interview and any subsequent revocation hearing you may present documentary evidence and
iluntary witnesses on your behalf, and, if you deny the charge(s) against you, you may request the presence of
iose who have given information upon which the charges are based.  Such witnesses will be made available for
iestioning unless good cause is found for their non-appearance.
     You may be represented by an attorney or other representative of your choice, or, if you are unable to pay for
iunsel, an attorney will be provided by the U.S. District Court if you fill out and promptly return a Form CJA-22
) a U.S. Probation Officer.
     If, after a revocation hearing, you are found to have violated the conditions of your release the Commission
iy:   (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of
ipervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2)
ivoke your parole or mandatory release, in which case the Commission will also decide when to consider you for
irther release.
     If you have been convicted of a new offense (committed while on parole) which is punishable by a term of
mprisonment, you will not receive sentence credit for the time you spent on parole.  If the Commission finds that
iu absconded or otherwise refused to submit to parole supervision, the Commission may order that you not receive
redit toward service of your sentence for that amount of time.  (If your original sentence was imposed for
iolation of the District of Columbia Criminal Code, you will not receive credit for time spent on parole regardless
f whether or not you have been convicted of a crime.)

HARGES:

1  VIOLATION OF SPECIAL CONDITION (DAPS):
     On or about the following dates, subject failed to keep regularly scheduled appointments with Guide, Inc. for
ubmission of urine specimens/counseling:   9-13-91, 9-17-91, 9-20-91, 9-24-91, 9-27-91, 10-4-91, 10-8-91, 10-11-91,
0-15-91, 10-18-91, 10-22-91, 10-25-91, and 10-29-91. Information contained in letter dated 11-26-91 by USPO Terza.
     ADMIT [     ] or DENY [     ] the above charge(s).

2  FAILURE TO REPORT TO U.S. PROBATION OFFICER AS DIRECTED:
     On or about the following dates, subject failed to report to his U.S. Probation Officer as directed:   10-31-91
r anytime thereafter.  Information contained in letter dated 11-26-91 by USPO Terza.
     ADMIT [     ] or DENY [     ] the above charge(s).

3  USE OF DANGEROUS AND HABIT FORMING DRUGS:
     On or about the following dates, subject submitted urine specimens which tested positive for the drugs
:pecified:   7-6-90 Benzodiazepine; 7-12-90, 1-25-91, 2-13-91, 3-26-91 and 8-7-91 Cocaine; 10-9-90 Morphine.
nformation contained in letter dated 11-26-91 by USPO Terza.
     ADMIT [     ] or DENY [     ] the above charge(s).

EXHIBIT
3

late Warrant Request Received      12-2-91
late Warrant Issued      2-4-92
listrict To Which Sent   DC                         Warrant Recommended By:
reliminary Interview Required:  YES [ X ]  NO [    ] #1      Linda M. Stokes
:AG:gab                                             Gloria A. Griffin, Sr. U.S.P.O.
                                                    U.S. Parole Commission
( ) Commission      ( ) Inmate      ( ) Institution      ( ) USPO      ( ) Interviewing Officer      ( ) Chron

U.S. Department of Justice               ** W A R R A N T
United States Parole Commission

To Any Federal Officer Authorized To Serve Criminal Process Within The United States:

Whereas, <u>STEWART, Willie L. Reg. No. 24880-037</u> was sentenced by the United States District Court for the District of <u>Columbia</u> to serve a sentence of <u>6 years RA 3 years Supervision</u> for the crime of <u>Carrying a Pistol Without a Liscense; Possession With Intent to Distribute a Controlled Substance (Heroin)</u> and was on the <u>18th</u> day of <u>June, 1990</u>, released on parole or in accordance with Sec. 4163, Title 18, U.S.C. (Mandatory Release) or Public Law 91-513 (Special Parole Term), from the <u>FCI, Danbury, Ct</u> with <u>1,459</u> days remaining to be served;

AND, Whereas, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by authority of Sec. 4213, Title 18, U.S.C., to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal of this <u>4th</u> day of <u>February</u>, <u>1992</u> .

_____
U.S. Parole Commissioner

_____
Eastern Region
Northern Division

EXHIBIT
4

*Ordered!*
*8/23/93*

OFFICE OF THE
PROBATION OFFICER
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
3RD AND CONSTITUTION AVENUE, N.W.
WASHINGTON, D.C.   20001-2866

EUGENE WESLEY, JR.
CHIEF PROBATION OFFICER

*August 13, 1993*

U.S. PAROLE COMMISSION
RECEIVED
AUG 18 1993
EASTERN REGIONAL OFFICE

*Ms. Patricia Vines*
*Post Release Analyst*
*U.S. Parole Commission*
*5550 Friendship Boulevard*
*Suite 420*
*Chevy Chase, MD  20815*

                    RE:    *STEWART, Willie L.*
                           *Reg. No.:  24880-037*
                           *Expiration Date:  6-16-94*
                           ***DISPOSITION INFORMATION***

*Dear Ms. Vines:*

*Regarding alleged violation number 7 (Robbery), Mr. Stewart was sentenced to 25 years; for violation number 8 (Use of a Firearm in the Commission of a Felony), he was sentenced to 2 years, consecutive to the above charge, and for violation number 9, (Possession of a Firearm by a Convicted Felon), he was sentenced to 5 years, consecutive with the above sentence, suspended for 5 years supervised probation on his release.  His total sentence is 27 years to serve.  He was also ordered to pay $1,751 in court cost.*

*We have attached a copy of the Judgement and Commitment Order.*

                                   *Sincerely,*

                                   *S. Richard Terza, Jr.*
                                   *U.S. Probation Officer*
                                   *Telephone Number: (202) 273-0183*

*SRTJr:er*

EXHIBIT
5

VIRGINIA:   IN THE CIRCUIT COURT FOR THE COUNTY OF FAUQUIER

COMMONWEALTH OF VIRGINIA

VS.                 Felony Nos. CR92-576, CR92-727; CR93-33

WILLIE LEE STEWART, JR.

<u>O R D E R</u>

This 3rd day of August 1993 came J. Gregory Ashwell the Assistant Commonwealth's Attorney, and Willie Lee Stewart Jr., who stands convicted of three felonies, to-wit:   Robber (Section 18.2-58), Use of a firearm in the commisison of robbery (Section 18.2-53.1) and Possession of a firearm by convicted felon (Section 18.2-308.2), appeared in court i custody of the Correctional Officer of this Court and was set t the bar.

And came also Roy D. Bradley, the Assistant Publi Defender appointed to represent the defendant.

And the Probation Officer of this Court to whom thes cases had been previously referred for investigation appeared i open court with a written report which report was filed July 29 1993, and counsel for the defendant stated to the Court that copy of said report was delivered to him and that the defendan was fully advised of the contents of the report.

Thereupon the defendant and counsel for the defendan waived the right to cross-examine the Probation Officer as to an matters contained in the said report and were given th opportunity to present any additional facts bearing upon th matter as they desired to present.  The report of the Probatio Officer is hereby filed as a part of the record in these cases.

Commonwealth v. Willie Lee Stewart, Jr.
Page 2

Whereupon the Court taking into consideration all c
the evidence in these cases, the report of the Probation Officer
and such additional facts as were presented by the defendant an
counsel for the defendant, the Court then asked if the defendan
knew anything to say why judgment should not be pronounce
against the defendant according to law, and nothing being offere
or alleged in delay of judgment, it is accordingly the judgmen
of this Court that the defendant be sentenced to commitment t
the Department of Corrections for a period of twenty-five (25
years on the Robbery charge, for a period of two (2) years on th
Use of a firearm charge, and for a period of five (5) years o
the Possession of a firearm charge, said sentences to ru
consecutively to each other, and that the Commonwealth o
Virginia recover against the defendant its costs by it about it
prosecution expended in the total amount of $1,751.00 , whic
amount includes an allowance of $ 840.00   for compensation o
court-appointed counsel.

However, the Court deeming it compatible with th
public interest so to do, adjudges and orders that the executio
of five (5) years of the said sentences heretofore imposed be an
the same is hereby suspended, and the defendant is placed o
probation, under the supervision of the Probation and Paro:
Officer of this Court for a period of five (5) years after h:
release from incarceration, under the standard conditions o
probation stated on the Department of Corrections form to l
signed by the defendant.

Commonwealth v. Willie Lee Stewart, Jr.
Page 3

The defendant is directed to comply with the following additional conditions of probation:

1)    The defendant shall pay the costs of this prosecution together with interest to the Clerk of this Court prior to the termination of probation, said costs to be paid on a schedule to be determined by the Probation Officer.    (If said costs are not so paid, probation shall automatically be extended until a hearing shall be conducted.)

2)    The defendant shall remain drug and alcohol free.

3)    The defendant shall submit to such scientific drug and alcohol testing as required by the Probation Officer.

4)    The defendant shall receive such substance abuse counselling as recommended by the Probation Officer.

It appearing that the Court has previously determined that the defendant is indigent, it is ORDERED that the defendant be exempt from the payment of the supervision fee to the Probation Officer.

And it is further ordered that as soon as possible after the entry of this order the defendant be removed and safely conveyed according to law from the jail of this Court to the custody of the Director of the Department of Corrections, therein to be kept, confined and treated in the manner provided by law.

The Court recommends that the Department of Corrections incarcerate the defendant in a facility which provides substance abuse treatment and counselling.

The Court orders that the prisoner, whose age is 46

Commonwealth v. Willie Lee Stewart, Jr.
Page 4

years (DOB: 9/26/46; SSN: 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) be allowed such credit for the time spent in jail awaiting trial as shall be certified to the Department of Corrections by the Sheriff in accordance with Section 19.2-310 of the Code of Virginia, as amended.

The Court certifies that the offense date for each charge is September 7, 1992.

The Court certifies that at all times during the trial of these cases the defendant was personally present and counsel for the defendant was likewise personally present and capably represented the defendant.

And the defendant is remanded to the custody of the Chief Correctional Officer of this County to await transfer to the Department of Corrections.

The Clerk of this Court shall forward a copy of this order to the Attorney for the Commonwealth, counsel for the defendant, the Probation Officer, the Chief Correctional Officer, and the Warrant Section, Classification Unit, Department of Corrections, P. O. Box 26963, Richmond, Virginia 23261-6963.

ENTER this 3rd day of August 1993.

William Shore Robertson, Judge

McMahon Reporting

A COPY TESTE: WM. D. HARRIS, CLERK
BY _____ DEPUTY CLERK
FAUQUIER COUNTY CIRCUIT COURT, VA.

**U.S. DEPARTMENT OF JUSTICE**
UNITED STATES PAROLE COMMISSION

**SUPPLEMENT**

| | | |
|---|---|---|
| ISSUING REGION    Eastern Region | Date | 9/8/93 |
| Case Of    Stewart, Willie | Reg. No. | 24880-037 |
| Race                          Birth Date | FBI No. | |

SUPPLEMENT TO WARRANT DATED 2/4/92

CHARGES:

**Charge No. 4:  a. Failure to Report Arrest:**

On 1/20/92, subject was arrested for Distribution of Cocaine charge which was nolle prossed on 6/9/92.  Subject failed to report this arrest to his USPO.  Information contained in letter dated 6/19/92 by USPO Terza.

I ADMIT [      ] or DENY [      ] the above charge(s).

**Charge No. 5:  Fugitive From Justice:**

On 9/9/92, subject was arrested by the Warrenton, Va. police dept.  Information contained in letter dated 12/8/92 by USPO Terza.

I ADMIT [      ] or DENY [      ] the above charge(s).

**Charge No. 6:  Robbery:**

On 3/31/93, subject pled guilty in Fauquier County Circuit Court, Va. of the above cited offense which occurred on or about 9/11/92.  Subject was sentenced to 25 years imprisonment.  Information contained in letters dated 12/8/92, 4/20/93 and 8/13/93 with Judgement document dated 8/3/93 by USPO Terza.

I ADMIT [      ] or DENY [      ] the above charge(s).

**Charge No. 7:  Use of A Firearm in the Commission of a Felony:**

On 3/31/93, subject pled guilty in Fauquier County Circuit Court, VA of the above offense which occurred on or about 9/11/92.  Subject was sentenced to two years consecutive to time served on Charge #6.  Information contained in letters dated 4/20/93 and 8/13/93 with Judgement documents dated 8/3/93 by USPO Terza.

I ADMIT [      ] or DENY [      ] the above charge(s).

**Charge No. 8:  Possession of a Firearm by a Convicted Felon:**

On 3/31/93, subject pled guilty in Fauquier County Circuit Court, VA of the above cited offense which occurred on or about 9/11/92.  Subject was sentenced to 5 years consecutive to time served on Charge #7.  Information contained in letters dated 4/20/93 and 8/13/93 with Judgement documents dated 8/3/93 by USPO Terza.

I ADMIT [      ] or DENY [      ] the above charge(s).

| | |
|---|---|
| Date Warrant Issued      2/4/92 | Warrant Recommended By: |
| District To Which Sent  Washington, D.C. | Patricia Vines, Case Analyst |
| | U.S. Parole Commission |

(X) Commission   ( ) Inmate   ( ) Institution   ( ) Supervising USPO   ( ) U.S. Probation Officer   ( ) Chron

PAROLE FORM H-21
Rev. 6/82

PV/pb

EXHIBIT
6

09/26/95    02:07:37

**U.S. DEPARTMENT    OF JUSTICE**
United  States  Parole  Commission

*Eastern  Region*                                5550 *Friendship  Boulevard*
                                                *Chevy  Chase,  Maryland   20815-7201*
                                                *Telephone:   (301)  492-5821*
                                                *Facsimile:   (301)  492-5525*

                                                September 19, 1995

Mr. S. Richard Terza
U.S. Probation Officer
District of Columbia
3rd & Constitution Avenue, N.W.
U.S. Courthouse, Room 2800
Washington, D.C.  20001-2866

Re:  Stewart, Willie
Reg. No. 24880-037

Dear Mr. Terza:

The U.S. Parole Commission issued a Warrant on the above-named on 2/4/92.  Please indicate
the status of the Warrant by completing the applicable information.

**Please return this form to the attention of Timothy Tobin at the above address.**

___    Subject is not in custody and the case is still active.


___    The U.S. Parole Commission Warrant is lodged as a detainer and  subject is in custody
        on state/local charges at:
        **Address:**


___    The U.S. Parole Commission Warrant was filed as a detainer and subject is in custody
        on state charges:
        **Date:** Detainer lodged 11-22-93
        **Address:** Greensville Correction Center,  (804) 535-7000
                  901 Correction Way, Jarrett, VA

        **State No:** 210-575

EXHIBIT
7

09/28/95     02:00:01                                                    E 002

   ___    The U.S. Parole Commission Warrant was filed as a detainer and subject is in custody
on new federal charges:
**Date:**
**Address:**


   ___    Subject is in custody on new federal convictions but has not yet been designated.  The
Warrant will be filed as a detainer and the U.S. Parole Commission will be notified after
designation is completed if the Institution is in the Eastern Region.  If the Institution is
outside of this region, an unexecuted Warrant will be returned to the U.S. Parole
Commission.

Comments:

Where is the subject currently serving his sentence?

                            Sincerely,

                            Jeffrey S. Kostbar
                            Case Analyst


DMJ

**U.S. DEPARTMENT OF JUSTICE**                    **Summary By Case Analyst**
**United States Parole Commission**               **Dispositional Review**

---

Name: STEWART, Willie L. Jr.        Reg. No. 24880-037    Reg. No. on Warrant:    24880-037

---

## Original Sentence Data

| | |
|---|---|
| Offense: | Carrying Pistol Without License (DC Code); PWID Heroin (US Code) |
| Length of Sentence: | 6 years Aggregate Mixed |
| Date and Type of Release: | 6-18-90, Parole |
| Warrant Issued: | 2-4-92 |
| Charges on Warrant Application: | Robbery; Use of Firearm in Commission of a Felony; Poss. of a Firearm by a Convicted Felon; Administrative Violations. |
| Days Remaining to be Served: | 1,459 days |
| Original Expiration of Term: | 6-16-94 |

---

## Current Sentence Data

| | |
|---|---|
| Offense: | Robbery; Use of Firearm in Commission of a Felony; Possession of a Firearm by a Convicted Felon. |
| Date and Jurisdiction of Conviction: | 3-31-93; Faquier County Circuit Court |
| Length of Current Sentence: | 27 years |
| Place of Current Custody: | Loudenburg Correctional Center |
| Current Parole Status: | Parole Eligible 8-18-97 with max. date of 7-26-2006 |
| Tentative Release Date: | N/A |

---

**Evaluation:** (include current Salient Factor Score, violation behavior severity, reparole guidelines, months in custody, institutional programming and conduct and other pertinent factors).

SFS - 3; Category Five; Guidelines 60 to 72 months.

Subject's offenses involved robbery and possession of firearm. He has been in continuous custody since 9-11-92 (39 months). He is eligible for parole on 8-18-97 (after service of 48 months). This is below guidelines. Full accountability appears warranted.

---

**Recommendation:**

Let the Detainer Stand.

---

_[signature]_                                                        December 21,
1996
        Timothy P. Tobin, Case Analyst                        Date

EXHIBIT
8

S. Dep. tment of Justice                    **Notice of Action**
uited States Parole Commission
50 Friendship Boulevard
evy Chase, Maryland  20815-7201

ame: STEWART, Willie

gister Number: 24880-037 ·          Institution: Loudenburg Correctional Center

the case of the above-named, the following parole action was ordered:

t the Detainer Stand.

IE ABOVE DECISION IS NOT APPEALABLE.

tn:     Loudenburg Correctional Center
        P.O. Box Y
        Victoria, VA  23974

:       S. Richard Terza, Jr.
        U.S. Probation Officer
        District of Columbia
        3rd & Constitution Avenue, N.W.
        U.S. Courthouse, Room 2800
        Washington, D.C.  20001-2866

        U.S. Marshal
        Eastern District of Virginia
        318 U.S. Courthouse
        10th & Main Streets
        Richmond, VA  23219

EXHIBIT
9

)ate: **January 7, 1997**                      **Clerk: dzj**

'age 1 of 1                                     **STEWART.248**

09/19/2006 14:40 FAX

** W A R R A N T **

U.S. Department of Justice
United States Parole Commission

___

To Any Federal Officer Authorized To Serve Criminal Process Within The United States:

Whereas, STEWART, Willie L. Reg. No. 24860-037 was sentenced by the United States District Court for the District of Columbia to serve a sentence of 6 years RA 3 years Supervision for the crime of Carrying a Pistol Without a Liscense; Possession With Intent to Distribute a Controlled Substance (Heroin) and was on the 18th day of June, 1990, released on parole or in accordance with Sec. 4163, Title 18, U.S.C. (Mandatory Release) or Public Law 91-513 (Special Parole Term), from the FCI, Danbury, Ct with 1,459 days remaining to be served;

AND, Whereas, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by authority of Sec. 4213, Title 18, U.S.C., to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal of this 4th day of February 1992 .

_____
U.S. Parole Commissioner

Eastern Region
Northern Division

EXHIBIT
10

** TOTAL PAGE.07 **

** TOTAL PAGE.06 **

USM# 24880037

WARRANT for return of Prisoner released to supervision or to Special Parole Term

(Name) (Number) (Institution)

UNITED STATES MARSHAL'S RETURN TO UNITED STATES PAROLE COMMISSION

NOTE: Do not execute this warrant if subject is being held in custody on other Federal, State, or Local charges, unless otherwise ordered by the Commission. (See accompanying instructions on Form H-24.)

- D/DC District of Col at:

Received this writ the 24 day of FeB, 1992, and executed same by arresting the within-named STEWART, Willie L. this 21 day of SeP, 2006, at 12:01PM and committing him to D.C. Jail.

G. Walch (U.S. Marshal)

By [signature] (Deputy Marshal)

Further executed same by committing him to ______ at ______ on ______, 19__, the institution designated by the Attorney General, with the copy of the Warrant and warrant application.

(U.S. Marshal)

By (Deputy Marshal)

NOTE —The original of this warrant is to be returned to U.S. Parole Commissioner of the parole region where it was issued.

I've received a copy of the warrant application dated 2/4/92

Signature Willie Stewart 9/21/06

# PROBABLE CAUSE WORKSHEET – Federal [Mixed U.S. Code/D.C. Code]

**Stewart, Willie Lee**                                   **Reg. No: 24880-037**

Location: **U.S. Marshals Service for the District of Columbia – District Court**

<u>CJA-22 to be signed at designated institution.</u>

Warrant Issued: **February 4, 1992**                 Warrant Executed: **September 21, 2006**

Full Term Date at Time Warrant Issued: **June 16, 1994 (with a 3-year Special Parole Term)**

Recalculated Full Term Date: **September 18, 2010**

Recalculated MR Date: **August 31, 2009 (with a 3-year Special Parole Term)**

Type of Supervision: **Parole**

## Recommendation of Case Analyst

### On Probable Cause:

A probable cause finding is recommended for the following charges:

**Charge No. 6 - Law Violation - Robbery.** (conviction)
**Charge No. 7 - Law Violation - Use of a Firearm in the Commission of a Felony.** (conviction)
**Charge No. 8 - Law Violation - Possession of a Firearm by a Convicted Felon.** (conviction)


A probable cause finding is not recommended for the following charges:  **N/A**

Other charges to be considered at the revocation hearing:

**Charge No. 1 - Violation of Special Condition (DAPS).**
**Charge No. 2 - Failure to Report to U.S. Probation Officer as Directed.**
**Charge No. 3 - Use of Dangerous and Habit Forming Drugs.**
**Charge No. 4 - Failure to Report Arrest.**
**Charge No. 5 - Law Violation - Fugitive from Justice.**

This recommendation is based on:  The subject's new conviction.

**Notes:** The subject's original sentence was imposed in the *United States District Court for the District of Columbia*. He received a one-year sentence imposed under the *D.C. Code* for Carrying a Pistol without a License and a six-year sentence imposed under the *U.S. Code* for Possession with the Intent to Distribute Heroin. The two terms were ordered to run concurrently. A three-year *Special Parole Term* was additionally imposed in the drug distribution case.

EXHIBIT
11



The Commission's warrant was issued on February 4, 1992, citing the subject with administrative violations. The warrant was subsequently supplemented following the subject's 1993 conviction for the charges of **Robbery, Use of a Firearm in the Commission of a Felony** and **Possession of a Firearm by a Convicted Felon** in the _Circuit Court for Fauquier County (Virginia)_. An aggregate sentence of 27 years was imposed and the subject has remained in continuous custody since his arrest for the new charges on September 9, 1992 (approximately 169 months). A letter has been forwarded to the _Virginia Department of Corrections_ requesting documentation of the subject's institutional adjustment while serving the state sentence.

## On Disposition:

Designate for an _Institutional Revocation Hearing_.
Do Not Release Pending Revocation Hearing.

**Notes:** I recommend that the subject be held in custody pending the disposition of an _Institutional Revocation Hearing_. A dispositional review was conducted in the subject's case, and on January 7, 1997, the Commission ordered the detainer to stand.

## On Appearance of Adverse Witnesses:

Adverse Witnesses Requested by Parolee: **N/A**

Recommended findings of good cause for not requiring confrontation and/or cross-examination of requested adverse witness: (Identify each disallowed witness with an explanation of the reason for not requiring appearance, including supporting information, and the significance of the parolee's interest in questioning the witness.)

_Mary Jo Williams, Case Analyst_                                    _October 26, 2006_

## Decision:

_____ Adopt Case Analyst's recommended decisions on probable cause, disposition and appearance of witnesses (including good cause findings).

_____ Disagree with recommended decisions and order as follows:

On Probable Cause:

On Disposition:

On Appearance of Witnesses (including good cause findings):

_____          10|26|06
Commissioner/Designee                                      Date

**Inmate Packet:**  Warrant Application dated 2/4/92, Warrant dated 2/4/92, Supplemental Warrant Application dated 9/8/93, U.S. Probation Officer S. Richard Terza's Letters dated 11/26/91, 6/19/92, 12/8/92, 4/20/93 and 8/13/93, Preliminary Interview dated (no PI required), Parole Certificate dated 6/8/90

**Hearing Examiner Packets:**  PC Worksheet dated 10/26/06, Independent Sentence Computation, All Information Contained in Inmate Packet, PSI, Pre-Hearing dated 12/16/88, Hearing Summary dated 1/25/89, NOA's dated 3/2/89 and 1/7/97 , Virginia DOC Adjustment Records mw)

MJW

 

**U.S. DEPARTMENT OF JUSTICE**
**United States Parole Commission**

*5550 Friendship Boulevard*
*Chevy Chase, Maryland 20815-7201*
*Telephone: (301)492-5821*
*Facsimile: (301)492-5525*

Date: November 17, 2006

Designation and Sentence Computation Center
Grand Prairie Office Complex
U.S. Armed Forces Reserve Complex
346 Marine Forces Drive
Grand Prairie, TX 75051
<u>Attn</u>:  Hotel Team

Re:   **Presentence Report for Designation**
      **Stewart, Willie Lee**
      **Reg. No. 24880-037**

Dear Hotel Team:

The above-named prisoner should be promptly designated to a federal institution so that the prisoner may be given a revocation hearing by **December 20, 2006**.  This hearing must be conducted within 90 days of the prisoner's arrest on the violator warrant in order to comply with applicable law.

Enclosed is a copy of the presentence report or packet, if needed, for your use in determining the proper designation.  Also enclosed is a packet to be sent to the designated institution and given to the prisoner for disclosure prior to the revocation hearing.

According to the available information, the above-named prisoner is currently being held by the following U.S. Marshals' Office:

**District of Columbia - District Court**
**333 Constitution Ave, N.W., Room 1400**
**Washington, D.C.  20001**

Sincerely,

Mary Jo Williams
Mary Jo Williams
Case Analyst

MJW

Enclosures:  Revocation Hearing Packet, Presentence Report

EXHIBIT
12

## Federal Institutional Revocation Prehearing Assessment

Name.........:     **STEWART, WILLIE**
Reg Number.:     **24880-037**
Birth Date...:     **09/26/1946**


**Prehearing Parameters**
    Date....................................:     12/06/2006
    Examiner.............................:     Phyllis R. Baker
    Location...........................…..:     Philadelphia FDC,

**Warrant Parameters**
    Supervision Type...................…..:     Parole
    Supervision District...............:     District of Columbia - USPO
    Warrant/Summons..................:     Warrant
    Warrant Executed...................:     09/21/2006
    Probable Cause Found.............:     10/26/2006
    Revocation Hearing Deadline....:     12/19/2006

**Sentence Parameters**
    Adult / Youth.......................:     Adult
    Jail Credit (days)...................:     0
    In-Operative Time (days)..........:     0
    MR Date (2/3).......................:     08/31/2009
    Full Term Date......................:     09/18/2010
    GL Credit (months)................:     168
    GL Months in Custody................:     171 as of 12/20/2006
    GL Months at Projected MR.......:     203
    Detainer.............................:     None

**Additional Text regarding the above parameters:**

**Previous Commission Action:** On 6/22/84, Willie Stewart appeared in the U.S. District Court for the District of Columbia and was sentenced to an aggregate term of 2 to 6 years for PWID Heroin and CPWOL [84-00073]. Details of the offenses revealed on 2/6/84, officers stopped Subject as he was traveling 76.9 mph in a 35 mph zone. He was arrested and searched. A .25 caliber handgun was found in his coat pocket and under the driver's seat was a briefcase containing 75 small clear plastic packets of heroin, weighing 69.92 milligrams of pure heroin.

An Initial Hearing was held on 1/25/89. Stewart admitted that he purchased the drugs for his own use. [Offense Severity Category Four, SFS = 3, reparole guideline range 34 to 44 months. NOTE: At the time of the hearing, Subject had been in custody over the guideline range.

Stewart was paroled on 6/18/90 with a full term date of 6/16/94.

EXHIBIT
13

le did not respond favorably to supervision as indicated by his use of illicit drugs (cocaine) within the first month f release. The supervision officer addressed the drug use by referring Subject to treatment. He seemed to come nto compliance until 1/91 when illicit drug use resurfaced. By 9/91, Subject began avoiding urine submissions nd absconded from supervision in 10/91.

he current warrant was issued on 2/4/92 as a result of the above administrative violations. The warrant was upplemented on 9/8/83 after it was learned that Subject had been arrested in Virginia for new felony offenses. he warrant was lodged as a detainer while Subject served the new 27-year sentence imposed by the Fauquier County Circuit Court. After serving 14 years (168 months) in state custody, the violator warrant was executed on /21/06. On 10/26/06, probable cause was found on violations of Robbery, Use of a Firearm in Commission of a elony and Possession of a Firearm by a Convicted Felon (Charges 6, 7 &8). The remaining charges are to be onsidered at the revocation hearing.

/iolations of Conditions of Release:

**Charge Number:    1**
Offense:................................. **Administrative - Violation of Special Condition (Drug Aftercare: Failed to Keep Appointments)**
Violation Behavior:............... The releasee failed to keep appointments with Guide, Inc. drug aftercare program for urine specimens/counseling on 9/13/91, 9/17/91, 9/20/91, 9/24/91, 9/27/91, 10/4/91, 10/8/91, 10/11/91, 10/15/91, 10/18/91, 10/22/91, 10/25/91, and 10/29/91. This charge is based on the information contained in the violation report dated 11/26/91 by USPO Terza.

**Charge Number:    2**
Offense:................................. **Administrative - Failure to Report to Supervising Officer as Directed**
Violation Behavior:............... The releasee failed to report to his Supervising Officer on 10/31/91 as directed and anytime thereafter. This charge is based on the information contained in the violation report dated 11/26/91 by USPO Terza.

**Charge Number:    3**
Offense:................................. **Administrative - Use of Dangerous and Habit Forming Drugs.**
Violation Behavior:............... The releasee submitted urine specimens that tested positive for: Benzodiazepine on 7/6/90; Cocaine on 7/12/90, 1/25/91, 2/13/91, 3/26/91 and 8/7/91; and Morphine on 10/9/90. This charge is based on the information contained in the violation report dated 11/26/91 from USPO Terza.

**Charge Number:    4**
Offense:................................. **Administrative - Failure to Report Arrest.**
Violation Behavior:............... The releasee was arrested on 1/20/92 by the Prince George's County Police for Distribution of Cocaine, which was nolle prossed on 6/9/92. The releasee did not report the arrest to the Supervising Officer within 48 hours. This charge is based on the information contained in the violation report dated 6/19/92 from USPO Terza.

**Charge Number:    5**
Offense:................................. **Law Violation - Fugitive From Justice**
Violation Behavior:............... On 9/9/92, Subject was arrested by the Warrenton, VA police department. Information contained in letter dated 12/8/92 by USPO Terza.

STEWART, WILLIE 24880-037                                                    Page 2 of 6

**Charge Number:   6**
Offense:................................. **Law Violation - Robbery**
Violation Behavior:............... Subsequent to being arrested on 9/9/92 with being a fugitive, Subject became a suspect in an armed robbery that had occurred on 9/7/92 in Warrenton, VA. Subject was interviewed on 9/11/92 about the robbery while in custody and provided a confession to Investigator Cubbage. The Jefferson Motel was robbed and money was taken from the motel clerk. A handgun was produced during the robbery. Details obtained from letter dated 12/29/92 as provided by the Town of Warrenton Police Department. On 3/31/93, Subject pled guilty in Fauquier County Circuit Court, VA to the above offense and was sentenced to 25 years imprisonment. Information contained in letters dated 12/8/92, 4/20/93 and 8/13/93 from USPO Terza and a Judgment dated 8/3/93.

**Charge Number:   7**
Offense:................................. **Law Violation - Use of A Firearm in the Commission of a Felony**
Violation Behavior:............... [Same offense details above]. On 3/31/93, Subject pled guilty in Fauquier County Circuit Court, VA to the above offense and was sentenced to 2 years consecutive. Information contained in letters dated 4/20/93 and 8/13/93 from USPO Terza and a Judgment dated 8/3/93.

**Charge Number:   8**
Offense:................................. **Law Violation - Possession of a Firearm by a Convicted Felon**
Violation Behavior:............... [Same offense details above]. On 3/31/93, Subject pled guilty in Fauquier County Circuit Court, VA to the above offense and was sentenced to 5 years consecutive to be suspended for 5 years supervised probation upon release. Information contained in letters dated 4/20/93 and 8/13/93 from USPO Terza and a Judgment dated 8/3/93.

**Severity:**   Category Five

**Severity Justification:** Your violation behavior has been rated Category Five severity because it involved the following Administrative and Criminal offenses: Armed Robbery, Felon in Possession of a Firearm, Failure to Report Arrest, Use of Dangerous and Habit Forming Drugs, Failure to Report to USPO as directed and Violation of Drug Aftercare Special Condition.

**SALIENT FACTOR SCORE   (SFS-98)**

SFS Item A = 0     Subject has 8 prior conviction(s)/adjudication(s).

| Date | Offense | Disposition | |
|------|---------|-------------|---|
| 02/17/1963 | Petit Larceny<br>Discharge Firearm/Firecrackers<br>Personal Injury<br>Juvenile Court, D.C. | 3/18/63: 18 mths, Nat'l Training School (1-1)<br>for Boys<br>Paroled 3/3/64; Terminated 9/25/64 | |
| 04/13/1968 | Unlawful Use of Vehicle<br>1127-68<br>U.S. District Court, D.C. | 1/17/69: ESS, 5 yrs probation<br>Terminated 1/16/74 | (2-1) |
| 08/23/1968 | Simple Assault<br>Possession of Prohibited Weapon | 1/28/69: 6 mths, ESS, 1 yr probation<br>Terminated 1/27/70 | (3-1) |

| 04/09/1974 | Robbery w/a Deadly Weapon<br>Prince George's County, MD | 6/24/76: 20 yrs, concurrent<br>Paroled 3/24/82; Revoked 4/16/84 | (4-2)<br>(4-3) |
|---|---|---|---|
| 10/18/1974 | a) Armed Robbery<br>b) Carry Pistol w/out a License<br>089240H-74 | 12/1/75: a) 12 yrs<br>b) 1 to 3 yrs, concurrent<br>Paroled 6/13/80 to MD detainer<br>Released to community 3/24/82 | (5-3) |
| 07/22/1975 | Bail Act Violation-Felony<br>082283A-75 | 1/21/76: 1 to 3 yrs, consecutive | (6-3) |
| 11/05/1982 | Petit Theft<br>Prince George's County, MD | 5/11/83: 5 days, suspended | (7-3) |
| 02/06/1984 | a) Carry a Pistol w/out a License<br>b) PWID Heroin<br>84-00073 | 6/22/84: a) 1 year<br>b) 2 to 6 yrs, conc. & 3 yrs SPT<br>sentence to run consec w/any other terms<br>Paroled 6/18/90 **(current supervision term)** | (8-4) |

SFS Item B = 0    Subject has 4 commitment(s) of more than 30 days that were imposed prior to the last overt act of the current offense.

SFS Item C = 2    Subject was 43 years old at the commencement of the current offense and had 4 prior commitments.

SFS Item D = 0    07/06/1990 - Date of Current Offense.
                           06/18/1990 - Release to the Community from last commitment

SFS Item E = 0    Subject is a parole/ supervised release violator.

SFS Item F = 1    Sum of Items A-E = 2 and the offender was 58 years old at the commencement of the current offense.

**Salient Factor Score = 3**

Rescission Behavior(s) :

Rescission Behavior Number:    1
    Offense............................: Administrative - Non Drug
    Date of Offense.............: 04/06/1996
    Description....................: Threatening Bodily Harm to Any Person: An Officer gave inmate a direct order to return to his cell. Inmate responded with profanity and stated "what you want for me to slap the shit out you"? Subject pled guilty during the Disciplinary Hearing.
    Incident Report Number: Unknown
    Date of DHO Hearing...: 04/17/1996
    DHO Finding.................: Guilty
    Sanctions.......................: 30 days loss of good time

Rescission GL................: 0 - 2  (months)

Rescission Behavior Number:   2
    Offense..........................: Administrative - Non Drug
    Date of Offense.............: 02/04/1997
    Description....................: Threatening Bodily Harm to Any Person:  Inmate approached the control booth window and stated to the officer "bring your ass out on the floor Reynolds so I can whip your ass."  Subject pled guilty during the Disciplinary Hearing.
    Incident Report Number: Unknown
    Date of DHO Hearing...: 02/10/1997
    DHO Finding................: Guilty
    Sanctions.......................: 15 days loss of good time
    Rescission GL................: 0 - 2  (months)

Rescission Behavior Number:   3
    Offense..........................: Administrative - Non Drug
    Date of Offense.............: 08/04/1998
    Description....................: Possession of Contraband: During a shake down, officer Banks confiscated 1 spool of wire, 1 Panasonic cassette player and 1 set of headphones from inmates bed area.  During the Disciplinary Hearing, Subject pled guilty.
    Incident Report Number: Unknown
    Date of DHO Hearing...: 08/18/1998
    DHO Finding................: Guilty
    Sanctions.......................: A Reprimand was given.
    Rescission GL................: 0 - 2  (months)

Rescission Behavior Number:   4
    Offense..........................: Administrative - Non Drug
    Date of Offense.............: 08/12/1998
    Description....................: Threatening Bodily Harm: Subject cursed at a member of the medical staff while pointing at the staff member and saying that he was going to get him.  This action was witnessed by Officer Chandler.  Subject pled guilty to threatening Dr. Ofogh in the medical area during the Hearing.
    Incident Report Number: Unknown
    Date of DHO Hearing...: 08/20/1998
    DHO Finding................: Guilty
    Sanctions.......................: 10 days in isolation and referral to I.C.C.
    Rescission GL................: 0 - 2  (months)

Rescission Behavior Number:   5
    Offense..........................: Criminal -  Prison Facility (or CCC)
    Date of Offense.............: 05/17/2005
    Description....................: Intentionally Destroying, Altering a Person's Property:  During a shakedown of the inmate's cell, a cable box was found and it had been altered.  During the hearing, Subject admitted that the cable box had been altered as charged.
    Severity..........................: One
    Incident Report Number: Unknown
    Date of DHO Hearing...: 06/01/2005
    DHO Finding................: Guilty
    Sanctions.......................: $5 fine, suspended for 90 days based on this being a 1st offense.

STEWART, WILLIE 24880-037

Rescission GL...............: 0 - 8  (months)

Your rescission behavior has been rated as category One severity, because it involved the following Rescission Offense(s): Intentionally Altering Personal Property.

**Re-parole Guidelines (range in months):  60 - 72**

**Rescission Guidelines (range in months):  0 - 16**

**Aggregate Guidelines (range in months):  60 - 88**

**Text to Describe Any Other Behavior or Remaining Issues:**
None

**Evaluation:**
Willie Stewart, age 60, is in service of a maximum 6 year sentence imposed in 1984 for Possession with Intent to Distribute Heroin and Carrying a Pistol without a License [84-00073].  He was paroled in June 1990 and made a less than favorable adjustment as reflected by the violations.  While in absconder status, Subject was arrested in Warrenton, VA and charged with Armed Robbery.  He was convicted and sentenced to an aggregate term of 27 years.  By the time the current warrant was executed, Subject had been in custody for 168 months.

Information provided by the Virginia Department of Corrections showed Subject received a Certificate of Participation in the Men's Health Seminar on 4/25/01 and he earned 4.2 educational hours.  He received a Certificate of Attendance for 90 days of commendable excellence to the Haynesville "Veterans Outreach Group" on 10/17/05.  He earned 12 hours for completing a Substance Abuse Orientation Program effective 6/20/06.

Based on a SFS of 3 and an Offense Severity Category of Five the reparole guideline range is 60 to 72 months.  The Rescission behavior provides an additional range of 0 to 16 months, for a total aggregate range of 60 to 88 months.  Subject has been in custody for 171 months as of 12/8/06, 83 months above the top of reparole guideline range.

Based on what is known, he has a 5-year probation term to serve as ordered by the state of VA.  It is unclear as to whether the VA sentence ended on 9/21/06 or before that date.  A document contained in the case file entitled "EIS Inmate Profile Data" showed a mandatory release date of 7/26/06.  Thus, the state probation term may have commenced at that time.

An in-person hearing would clarify Subject's supervision obligations and determine his residential plans as well as supervision needs.



**Williams, Mary Jo (USPC)**

| | |
|---|---|
| **From:** | Williams, Mary Jo (USPC) |
| **Sent:** | Monday, January 08, 2007 8:57 AM |
| **To:** | 'Robert.Keleman@usdoj.gov' |
| **Cc:** | 'Lisa.Austin@usdoj.gov' |
| **Subject:** | Stewart, Willie  Reg. No. 24880-037 |

Mr. Keleman,

I was referred to you by Lisa Austin.  Willie Stewart (Reg. No. 24880-037 and DCDC No. 161-764) is a U.S. Code offender who has been designated to FDC Philadelphia for an Institutional Revocation Hearing.  He has been in the custody of the parole violation warrant since September 21, 2006.  At the time of his arrest, Mr. Stewart was placed in the D.C. Jail.  On October 5, 2006, he was transferred to the D.C. Correctional Treatment Facility where he remains housed.

Mr. Stewart is very unhappy that he has not had his revocation hearing.  He has contacted many many many people to express his complaint.  Is there anything that can be done to facilitate his movement to FDC Philadelphia?  Who do I need to contact?

Any assistance that you can provide will be greatly appreciated.

Mary Jo Williams
Case Analyst
U.S. Parole Commission
301-492-5821 x139

EXHIBIT
15

1

**Williams, Mary Jo (USPC)**

From:            Robert.Keleman@usdoj.gov
Sent:            Monday, January 08, 2007 1:00 PM
To:              Williams, Mary Jo (USPC)
Cc:              Lisa.Austin@usdoj.gov
Subject:         Re: Stewart, Willie  Reg. No. 24880-037


I will send another fax to the USMS today stating the urgency.

Thanks,

Bob keleman

Robert Keleman
Senior Designator
Designations & Sentence Computation Center
Tel- (972) 595-3040
Fax- (972) 595-3156

>>> Mary Jo Williams 1/8/2007 7:57 AM >>>
Mr. Keleman,

I was referred to you by Lisa Austin.  Willie Stewart (Reg. No.
24880-037 and DCDC No. 161-764) is a U.S. Code offender who has been designated to FDC
Philadelphia for an Institutional Revocation Hearing.
He has been in the custody of the parole violation warrant since September 21, 2006.  At
the time of his arrest, Mr. Stewart was placed in the D.C. Jail.  On October 5, 2006, he
was transferred to the D.C.
Correctional Treatment Facility where he remains housed.

Mr. Stewart is very unhappy that he has not had his revocation hearing.
He has contacted many many many people to express his complaint.  Is there anything that
can be done to facilitate his movement to FDC Philadelphia?  Who do I need to contact?

Any assistance that you can provide will be greatly appreciated.

Mary Jo Williams
Case Analyst
U.S. Parole Commission
301-492-5821 x139

EXHIBIT
16

1

## Inmate Record

# 161764 - STEWART, WILLIE L



| | |
|---|---|
| **Institution:** | 12 - CENTRAL DETENTION FACILITY (CDF) |
| **Current Location:** | RELEASED |
| **Record Status:** | INACTIVE |
| **Booking Number:** | 2006-13128 |
| **PDID Number:** | -- |
| **Social Security #:** | -- |
| **US Marshal #:** | |
| **# Total Bookings:** | 2 Booking History |
| **Commitment Date:** | 09/21/2006 |
| **Release Date:** | 01/18/2007 |
| **Release Type:** | RELEASE TO US MARSHAL |
| **In Custody Of:** | USMS |
| **Parole Elig. Date:** | N/A |
| **Short Term Date:** | N/A |
| **Full Term Date:** | N/A |

## Personal Data

| | | | |
|---|---|---|---|
| **Sex:** | MALE | **Race:** | BLACK |
| **Birth Date:** | | **Ethnicity:** | AFRICAN AMERICAN |
| **Birth Place:** | DC | **Education:** | 10 |
| | | **Occupation:** | SERVICE |
| **Hair:** | BLACK | | |
| **Eyes:** | BROWN | **Address:** | |
| **Weight:** | 160 | | |
| **Height:** | 5' 9" | | |
| **Aliases:** | (No Alias SSN's) | ROBINSON, MARTIN | |

## Charges

**Charge: DOC-2749 - DOC-CONDITION OF PAROLE FEL.**

| | | | |
|---|---|---|---|
| **Case#:** | USPV | **Min Sentence:** | |
| **Court:** | SUPERIOR COURT | **Max Sentence:** | |
| **Offense Date:** | 09/21/2006 | **Date Sentenced:** | N/A |
| **Date Charged:** | 09/21/2006 | **VVCC:** | $ N/A |
| **Count:** | N/A | **Bond Amount:** | $ N/A |
| **Disposition:** | N - MARSHAL / FEDERAL REMOVAL | **Bond Type:** | N/A |

## Detainers

(No Detainer History)

## Transfer History

EXHIBIT
17



|        | Date/Time             | Institution                          |
|--------|-----------------------|--------------------------------------|
| From:  | 9/21/2006 4:12:43 PM  | INITIAL                              |
| To:    | 9/21/2006 4:12:43 PM  | 12 - CENTRAL DETENTION FACILITY (CDF)|
|        |                       |                                      |
| From:  | 10/4/2006 7:49:32 PM  | 12 - CENTRAL DETENTION FACILITY (CDF)|
| To:    | 10/5/2006 4:48:58 AM  | 11 - CORRECTIONAL TREATMENT FACILITY |
|        |                       |                                      |
| From:  | 1/18/2007 6:04:37 AM  | 11 - CORRECTIONAL TREATMENT FACILITY |
| To:    | 1/18/2007 6:09:46 AM  | 12 - CENTRAL DETENTION FACILITY (CDF)|
|        |                       |                                      |
| From:  | 1/18/2007 10:29:11 AM | 12 - CENTRAL DETENTION FACILITY (CDF)|
| To:    | 1/18/2007 10:29:11 AM | RELEASE                             |

---

## Booking History

| Booking#    | Commitment Date | Release Date |                      |
|-------------|-----------------|--------------|----------------------|
| 2006-13128  | 09/21/2006      | 01/18/2007   | <<<---Displayed Above|
| 16176403    | 07/23/1975      | 07/19/1985   |                      |

---

*The Washington, DC Department of Corrections updates this information regularly. Therefore, information on this site may not reflect the current location, status, release date or other information regarding an inmate.*

*For additional information, please contact the DC Department of Corrections*

**Chickinell, Rockne J. (USPC)**

| | |
|---|---|
| **From:** | Pinner, Kathleen A. (USPC) |
| **Sent:** | Thursday, February 15, 2007 12:37 PM |
| **To:** | Husk, Steve (USPC); Chickinell, Rockne J. (USPC) |
| **Cc:** | Wynn, David (USPC); Kashurba, Gary N. (USPC) |
| **Subject:** | Stewart, Willie 24880-037 |

IRH held at PHL today; counsel waived; Revoke: None: PE 05/08/07 SDAC.

KAP

Kathleen A. Pinner
Hearing Examiner
U.S. Parole Commission
Phone: 301-492-5821 x161

EXHIBIT
18

2/20/2007

# UNITED STATES DEPARTMENT OF JUSTICE

## UNITED STATES PAROLE COMMISSION

I certify that I am a custodian of records of the United States Parole Commission, which is a repository of records concerning parole release and supervision for federal and District of Columbia offenders. The Parole Commission's address is 5550 Friendship Boulevard, Chevy Chase, Maryland 20815.

I further certify that, on the date noted below, I had custody of the Parole Commission's file for Willie Stewart, Register Number 24880-037, as part of my official duties with the Commission.

The documents included with this certificate are true copies of documents found in that file.

*In witness whereof, I have signed, and caused the seal of the United States Parole Commission to be affixed on the date noted below.*

Rockne Chickinell
General Counsel
U.S. Parole Commission

Dated: 2-20-07

**Williams, Mary Jo (USPC)**

| | |
|---|---|
| From: | Williams, Mary Jo (USPC) |
| Sent: | Monday, January 08, 2007 7:45 AM |
| To: | 'Lisa.Austin@usdoj.gov' |
| Subject: | Stewart, Willie #24880-037 |

Good Morning Lisa,

Willie Stewart (Reg. No. 24880-037 and DCDC No. 161-764) is a U.S. Code offender who has been designated to FDC Philadelphia for an Institutional Revocation Hearing.  His warrant was executed on September 21, 2006 and he was placed at the D.C. Jail.  He was moved from the D.C. Jail to the D.C. Correctional Treatment Facility on October 5, 2006.

He is not happy that he has not yet had his hearing and has contacted many many many people to express his complaint. His family keeps calling me and doesn't understand the revocation hearing process.  Willie Stewart keeps seeing the Commission conduct Local Revocation Hearings at the D.C. Correctional Treatment Facility and doesn't understand why we don't conduct his hearing.  Who can I contact to get him moved?

Thank you for any help that you can provide.

Mary Jo

EXHIBIT
14

# UNITED STATES DISTRICT COURT
## FOR DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIE   STEWART, JR. | ) | |
| Petitioner, | ) | Civil Action No. 07-0197 (RCL) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES PAROLE COMMISSION. | ) | |
| Respondent. | ) | |

## ORDER

Upon consideration of the United States' Opposition to Petitioner's Petition for a Writ of Habeas Corpus,  and for the reasons set forth in the opposition, it is hereby,

ORDERED that the Petitioner's Petition for a Writ of Habeas Corpus be Denied.

SO ORDERED, this ___ day of _____, 2007.


_____

**Royce C. Lamberth**
**United States District Judge**

**Copies to:**

Carolyn K. Kolben
Assistant United States Attorney
555 4th Street, N. W.
Special Proceedings Division, Room 10-441
Washington, D.C. 20530

Willie Stewart, Jr.
Fed. Reg. No. 24880-037,
DCDC # 161-764
FDC Philadelphia,
P.O. Box 562,
Philadelphia, Pa. 19106

.